901 A.2d 336

IN THE MATTER OF STEVEN T. KEARNS, AN ATTORNEY AT LAW (ATTORNEY NO. 018311982).

July 10, 2006.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 06-048, concluding on the record certified to the

Board pursuant to *Rule* 1:20–4(f) (default by respondent), that **STEVEN T. KEARNS** of **HACKENSACK**, who was admitted to the bar of this State in 1982, and who has been suspended from the practice of law since July 17, 2003, pursuant to Orders of the Court filed June 16, 2003, and January 26, 2006, should be suspended from the practice of law for a period of six months for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) (failure to keep a client reasonably informed about the status of a matter), *RPC* 1.16(d) (improper termination of representation), *RPC* 8.1(b) (failure to cooperate with disciplinary authorities), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having determined that **STEVEN T. KEARNS** should be required to comply with the Court's Orders filed June 16, 2003, May 6, 2004, and January 26, 2006, as a condition of reinstatement to practice;

And good cause appearing;

It is ORDERED that **STEVEN T. KEARNS** is suspended from the practice of law for a period of six months and until the further Order of the Court, effective immediately; and it is further

ORDERED that **STEVEN T. KEARNS** be restrained and enjoined from practicing law during the period of his suspension and that he comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that **STEVEN T. KEARNS** shall not be reinstated to the practice of law unless and until he demonstrates that he has

complied with this Court's Orders filed June 16, 2003, and May 6, 2004, and January 26, 2006; and it is further

ORDERED that on reinstatement to practice **STEVEN T. KEARNS** shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of one year and until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.